**In re: Valarie B. MANLEY, Debtor,**

**Valarie B. Manley, Appellant,**

v.

**Countrywide Home Loans Inc., Appellee.**

**No. 04–56821.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 21, 2005.

■

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**816**

Valarie Manley, Marrieta, CA, pro se.

David Alan Brooks, Esq., Calabasas, CA, for Appellee.

Before: SCHROEDER, Chief Judge, GOODWIN and TASHIMA, Circuit Judges.

MEMORANDUM **

Valarie B. Manley appeals pro se from the district court's order dismissing as untimely her appeal from the bankruptcy court's order granting Countrywide Home Loans' request to lift the automatic stay on a defaulted mortgage. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo. *Blyer v. Hemmeter (In re*

---

** This disposition is not appropriate for publication and may not be cited to or by the

*Hemmeter*), 242 F.3d 1186, 1189 (9th Cir. 2001). We affirm.

The bankruptcy court entered an order granting Countrywide Home Loan's request to lift the automatic stay on December 16, 2003. Manley did not file her notice of appeal to the district court until December 30, 2003. The district court therefore properly dismissed Manley's appeal as untimely. *See* Fed. R. Bankr.P. 8002(a) (establishing ten day period to file a notice of appeal from entry of bankruptcy court order); *Anderson v. Mouradick (In re Mouradick*), 13 F.3d 326, 327 (9th Cir.1994) ("The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order.").

**AFFIRMED.**

---

courts of this circuit except as provided by 9th Cir. R. 36–3.